IKALIA, GUARDIAN OF KANAKAOKAI, *vs.* KOPAEA ET AL.

#### ON EXCEPTIONS.

THE PLAINTIFF'S ANCESTOR had parted with the possession of the land in question by a parol exchange, under which defendant held possession for over twenty years;

HELD, that plaintiff could not recover it in ejectment.

Opinion of the Court by HARRIS, C. J.

This is an action for the possession of a piece of land known by the name of Haleaha, in Koolauloa, Island of Oahu, patented to Aikaula. The plaintiff at the trial established that he was the undoubted heir at law to Aikaula, and thereon rested his case.

The bill of exceptions goes on to state as follows: "The defendant offered to show that the land claimed had been taken by the defendant's ancestor, over twenty years ago, in exchange for other lands which the plaintiff's ancestor entered upon, and has since sold; and this evidence was given against the plaintiff's objection and its admission was excepted to by the plaintiff. The Court instructed the jury that if they be-

Ikalia,. Guardian of Kanakaokai, *v.* Kopaea *et al.*

lieved this evidence they could find for defendants; and even if the possession under the exchange had not been held for twenty years, they would hold the fact of an exchange for a long time to be an estoppel to plaintiff's claim; which charge was also duly excepted to by plaintiff's counsel. Whereupon the jury gave a verdict for the defendant. Conceiving that the jury were controlled by improper evidence and influenced by instructions given in error by His Honor aforesaid, counsel for the plaintiff prayed His Honor would sign this bill of exceptions, containing the substance of matters and things given in evidence and the charge of His Honor to the jury at the trial aforesaid, as excepted to by the said counsel at the trial aforesaid."

### PER CURIAM.

The portion of the bill of exceptions which reads as follows:

"And even if the possession under the exchange had not been held for twenty years, they would hold the fact of an exchange for a long time to be an estoppel to plaintiff's claim," was the only portion insisted on at the hearing, and it was not doubted that if the defendants had held possession for twenty years and over, this title would be good by prescription. On the other hand it was thought that the case of Kamohai *vs.* Kahele, 3d Haw. Rep., 530, should control the case, and that case justified the instruction laid down in the bill of exceptions. In arguing his exceptions counsel for plaintiff expressly said that he hoped to induce the Court to overrule the above mentioned case, showing thereby that he thought that the case now under consideration was similar.

But the cases are entirely dissimilar. In Kamohai *vs.* Kahele, the plaintiff himself had procured that the defendant's ancestor should purchase the land in question of another person whom he stated to be the owner; the plaintiff had been very active in the sale, saw the money paid and the deed signed. And it was held, in effect, that under those circumstances the plaintiff was estopped from setting up a title in

himself, when he had already averred the title to be in another. But it will be seen that a deed had been duly executed and delivered by some one whom the plaintiff averred to be the rightful owner; and in this case no deed has been made, and therefore in view of the Statute of Frauds and the Statute of Limitations, the Court is not prepared to hold that if by reason of the exchange the land had been held for less than twenty years, the jury should have been instructed that the defense would have been a good one at law, although it is certain that a Court of Equity would order the plaintiff to make a deed in favor of the defendant (the fact being shown to be as alleged), viz.: A verbal agreement for exchange having been executed by possession and occupation for a long time.   Brown on Statute of Frauds, Section 76.

But it is an invariable rule that the bill of exceptions should set forth as much of the evidence as shows that the Judge erred in his ruling, and in the law applicable to the case. Fuller *vs.* Raby, 10 Gray, 288.   "But the duty of the party taking exceptions does not stop here; he should set forth the testimony sufficiently so that the Appellate Court may ascertain whether the jury were misled in any material degree; for it would be enough that the decision is right on the undisputed facts of the case; a new trial would do no good, but would merely subject the parties to an expensive litigation to correct a theoretical error which is not at all important to a correct decision."   Munro *vs.* Potter, 34 Barb., 367.

Now this bill of exceptions sets forth no testimony at all, and might have been dismissed on that ground.   But we have had recourse to the Judge's notes, and find that the testimony is overwhelming that the exchange took place more than twenty years ago.   Kupau says that he marks the time of exchange because it occurred before he was admitted to practice law, and that was in 1857.   Kane says that his son was born after the exchange, and he was born the 11th of March, 1858.   Kopaea says that it was before Kaaikaula went to

prison, although he does not say how long it was before; now the records of the Court show that Kaaikaula went to prison in 1863; and there is no testimony introduced to show any date of the exchange which will contradict this testimony. So that it remains undisputed as a matter of fact, that the defendant has established the proposition that he entered upon the grounds rightfully, for valuable consideration to the plaintiff's ancestor, and he has remained in undisputed possession of it for more than twenty years, such possession being open and notorious, and now the statute protects him in his possession.

The exceptions are therefore overruled, and judgment ordered on the verdict.

J. M. Davidson for plaintiff.

A. S. Hartwell for defendants.

Honolulu, August 2, 1879.